# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

HAKEEM D. SMITH,

    Petitioner,

Case No. 3:06-cv-326

-vs-

District Judge Thomas M. Rose
Chief Magistrate Judge Michael R. Merz

WARDEN, Lebanon Correctional
 Institution,

    Respondent.

## REPORT AND RECOMMENDATIONS

Petitioner Hakeem Smith brought this habeas corpus action to seek relief from convictions and sentences imposed by the Clark County Common Pleas Court. Petitioner pleads the following grounds for relief:

> **Ground One:** Petitioner's Sixth Amendment right to speedy trial was violated.
>
> **Supporting Facts:** Petitioner's trial date was continued multiple times over objection, several delays later termed "continuances" were never properly journalized, and the petitioner's speedy trial rights were violated where the initial arrest and confinement was on October 7, 2002, and trial was not scheduled until November 3, 2003, well over a year later, and petitioner's motions to dismissed on speedy trial grounds were improperly denied.
>
> **Ground Two:** Petitioner's Sixth Amendment Right to Effective Assistance on Appeal was violated.
>
> **Supporting Facts:** Appellate counsel failed to raise significant and obvious issues of constitutional magnitude on direct appeal with a reasonable probability of success had they been raised, thereby

compromising Appellant's Due Process and Equal Protection rights to a full, fair review, in violation of Petitioner's Right to effective appellate counsel. Appellate counsel failed to raise a double jeopardy claim, ineffective trial counsel claims, and illegal sentencing claims, and interfered with Petitioner's ability to timely appeal to the Ohio Supreme Court from the initial direct appeal.

**Ground Three**: Petitioner's right to be free from being placed twice in jeopardy for the same offense was violated.

**Supporting facts:** the charge of fleeing and eluding was dismissed on motion of the prosecutor based upon insufficient evidence. The charge was reinitiated in a new indictment specifically to attempt to abrogate petitioners speedy trial rights, and despite the prior dismissal. Jeopardy had attached to this charge and the Fifth Amendment precluded further prosecution.

**Ground Four:** Petitioner's Sixth and Fourteenth amendment right to effective counsel at trial was violated.

**Supporting facts:** Trial counsel operated under a statutory conflict of interest that rendered him incompetent to act as counsel as he was statutorily disqualified under Ohio Revised Code § 190 1.11 (A) (2), and violated essential duties by failing to object to the blatant double jeopardy violation or to the imposition of an unlawful sentence, prejudicing the results of the proceedings by acquiescing to unlawful prosecution of petitioner, an unlawful sentencing the petitioner, as well as operating under an inherent statutory conflict of interest.

**Ground Five:** Appellant's Sixth Amendment rights were violated where sentence was imposed, which was enhanced beyond the statutory maximum based upon judicial fact-finding that was not alleged in the indictment, found by a jury, or proven beyond a reasonable doubt, also in violation of due process and equal protection of the law.

**Supporting Facts:** the maximum prison term available absent additional fact findings beyond those presented in the indictment is three years for a first-degree felony in Ohio, and concurrent terms for additional charges. Petitioner's sentencing judge made judicial fact findings to enhance his sentence from a maximum term of three years to a term of 20 years, 10 months, in violation of the right to trial by jury, due process and equal protection and the state courts failed to

> correct the constitutional violation upon full and fair presentation of the claim.

(Petition, Doc. No. 1).

### Ground One: Speedy Trial

In his first ground for relief, Petitioner asserts that his right to a speedy trial was violated when he was not actually brought to trial for more than one year after he was initially charged. Petitioner raised this claim in a number of separate assignments of error on direct appeal. Judge Young analyzed all of them under the Ohio statutory right to speedy trial, Ohio Revised Code § 2945.71, and found that even the statutory time had not run because most of the expired time between arrest and trial was on motion for continuance made by Petitioner's counsel or by the co-defendant Richardson (Opinion, Ex. 12 to Return of Writ, Doc. No. 5).

Respondent asserts that this Ground for Relief is procedurally defaulted by Petitioner's failure to file a timely direct appeal to the Ohio Supreme Court from the Court of Appeals decision.

The Sixth Circuit Court of Appeals requires a four-part analysis when the State alleges a habeas claim is precluded by procedural default. *Reynolds v. Berry*, 146 F.3d 345, 347-48 (6th Cir. 1998), citing *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); *accord Lott v. Coyle*, 261 F.3d 594 (6th Cir. 2001).

> First the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule.
>
> . . . .
> Second, the court must decide whether the state courts actually

> enforced the state procedural sanction, citing *County Court of Ulster County v. Allen*, 442 U.S. 140, 149, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979).
>
> Third, the court must decide whether the state procedural forfeiture is an "adequate and independent" state ground on which the state can rely to foreclose review of a federal constitutional claim.
>
> Once the court determines that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner must demonstrate under *Sykes* that there was "cause" for him to not follow the procedural rule and that he was actually prejudiced by the alleged constitutional error.

*Maupin,* 785 F.2d, at 138.

Petitioner concedes that Ohio has a rule requiring that an appeal to the Ohio Supreme Court must be filed within forty-five days of judgment in the Court of Appeals, that he did not file within that time, and that his attempt to appeal to the Ohio Supreme Court was denied on the basis of that rule. However, he contends the rule in question is not an adequate and independent state ground of decision because the rule allowed the Ohio Supreme Court complete and unfettered discretion as to what reasons it will find adequate to excuse a late notice.

The 45-day time limit on appeal to Ohio Supreme Court is an adequate and independent state ground. *Bonilla v. Hurley,* 370 F.3d 494 (6th Cir. 2004), relied on by Respondent. Lack of counsel at that stage, lack of a trial transcript, unfamiliarity with the English language, and short time for legal research in prison do not establish cause to excuse this default. *Bonilla*, citing *Murray v. Carrier,* 477 U.S. 478, 494-95, 91 L. Ed. 2d 397, 106 S. Ct. 2639 (1986).

Petitioner contends that *Bonilla* is not controlling because the Sixth Circuit Court of Appeals in *Deitz v. Money*, 391 F. 3d 802 (6th Cir. 2004), decided after *Bonilla*, held that Ohio App. R.5(A),

which contains analogous language, was not an adequate and independent state ground. This Court need not engage in an attempt to reconcile the two cases. They address different Ohio rules. Even if they addressed the same Ohio rule, the fact that *Deitz* was decided later would be fatal to its application here because one panel of the Sixth Circuit cannot overruled a published decision of a prior panel. *Hinchman v. Moore,* 312 F.3d 198, 203 (6th Cir. 2002); *Neuman v. Rivers,* 125 F.3d 315 (6th Cir. 1997). "[A] prior decision remains controlling authority unless an inconsistent decision of the United States Supreme Court requires modification of the decision or this Court sitting en banc overrules the prior decision. *Hinchman,* 312 F.3d at 203. Bonilla is directly in point and fatal to Petitioner's claim.

Even if Petitioner had not defaulted in the state courts on his first ground for relief, it would be without merit. A federal habeas corpus court can only consider federal constitutional claims which undermine a state conviction. The constitutional right to a speedy trial is considerably more liberal than the very strict Ohio statutory scheme, under which the Court of Appeals decided this question. The United States Supreme Court has developed a four-part balancing test to use in determining whether a defendant's right to a speedy trial has been violated: (1) the length of the delay; (2) the reasons for the delay; (3) whether the defendant has asserted his right; and (4) prejudice to the defendant. *Barker v. Wingo,* 407 U.S. 514, 530-32, 92 S. Ct. 2182, 33 L. Ed. 2d 101 (1972). As found by the Ohio Court of Appeals, virtually all of the delay in bringing this case to trial was caused by motions for continuance made by Petitioner or on his behalf, in large part caused by Petitioner's change of counsel. Thus instead of asserting his right, Petitioner frequently waived any objection by himself requesting a continuance. Finally, he has not attempted to show any prejudice resulting from the delay.

Petitioner's first ground for relief should be denied with prejudice.

### Ground Two: Ineffective Assistance of Appellate Counsel

In his second ground for relief, Petitioner asserts he was denied effective assistance of appellate counsel. Respondent asserts this claim is also procedurally defaulted by Petitioner's failure to timely raise it in the manner required by Ohio App. R. 26(B), to wit, an application to reopen the appeal within ninety days of final judgment.

The Ohio Court of Appeals journalized its decision on November 17, 2004 (Ex. 12 to Return of Writ, Doc. No. 5). Petitioner did not raise his claim of ineffective assistance of appellate counsel by filing the 26(B) application until a year later on November 16, 2005. In denying the Application, the Court of Appeals wrote:

> On November 16, 2005, Appellant, Hakeem Smith, filed an App.R. 26(B) motion for delayed reopening of his appeal. Appellant, pro se, seeks to reopen the appellate judgment that was rendered by this Court in State v. Smith (Nov. 12, 2004), Clark App. No. 03-CA-93, . . 2004-Ohio-6062. In our opinion we affirmed the trial court's judgment, and held that Appellant's right to a speedy trial had not been violated.
>
> App.R. 26(B)(1) requires that an application for reopening be filed within ninety days of the journalization of the appellate judgment which the applicant seeks to reopen. If the applicant fails to file an application within ninety days, then he must establish "good cause" for the appellate judgment to be reopened. App. R. 26(6)(2); State v. Cooey (1 995), 73 Ohio (1995) 73 Ohio St.3d 411; State v. Reddick (1995), 72 Ohio St.3d 88.
> Our final judgment in this case was journalized on November 17 7004: however, Smith did not file his application to reopen until more than a year after our judgment, on November 16, 2005. Therefore, Smith must show good cause for the delay in filing of his application to reopen.

Initially, Smith asserts that "no published decision in Ohio has defined what may or may not constitute 'good cause.' " Although Smith's assertion may be correct, this does not relieve him of the duty to show good cause for his delay in filing the application to reopen. There are numerous appellate court cases which have stated what factual circumstances do and do not constitute "good cause" for delay in filing an application to reopen. See e.g. State v. Gumm (2004), 103 Ohio St.3d 162; State v. LaMar (2004), 102 Ohio St.3d 467.

Smith provides us with two reasons why there is "good cause" for his delay in filing the application to reopen. First, Smith asserts that because he has been, and continues to be, deprived of a copy of the transcripts, this is good cause for the delay in filing of his application to reopen. We disagree.
The lack of access to the transcripts is not good cause for a delay in filing of an application to reopen. See State v. Houston (1995), 73 Ohio St.3d 346, 1995-Ohio-317; see also State v. Sweeney (1999), 131 Ohio App.3d 765, 769 ("lack of access to various parts of the transcript does not automatically prevent applicants from filing a timely motion"). Furthermore, Smith did not even request a copy of the transcripts until June 23, 2005,-which was more than ninety days after our judgment of November 12,2004. Thus, we conclude that Smith's lack of access to the transcripts is not good cause for his delay.

Second, Smith asserts that good cause exists because he has attempted to obtain review of our judgment through other avenues, and that he has been forced to act without the benefit of counsel in these matters. We again disagree.

The lack of legal training does not constitute "good cause" for an untimely application to reopen. State v. Klein (Apr. 8, 1991), Cuyahoga App. No. 58389, reopening disallowed (Mar. 15, 1994), Motion No. 49260, affirmed (1994), 69 Ohio St.3d 1481; see also State v. Davis-Bey (Mar. 9, 2004), Cuyahoga App. No. 79524, 2004-Ohio-1 105 (holding that lack of legal counsel, inability to access prison law library, and applicant's illness, does not constitute "good cause" for delay in filing an application to reopen). Therefore, we conclude that Smith's lack of legal counsel and legal training is not "good cause" for the delay in filing of his application to reopen.

Smith's application for reopening is also barred by res judicata. The Ohio Supreme Court has held that a claim of ineffective assistance of appellate counsel may be barred by res judicata. State v. Mumahan

> (1992), 63 Ohio St.3d 60.
>
> Smith filed an appeal, pro se, with the Ohio Supreme Court and either raised, or could have raised, the constitutional issue of ineffective assistance of appellate counsel. However on April 13, 2005, the Ohio Supreme Court dismissed his appeal. Therefore, because the issue of ineffective assistance of counsel was raised, or could have been raised, res judicata bars any further litigation of the claim. See State v. Dehler (1995), 73 Ohio St.3d 307, 1995- Ohio-320; State v. Terrell (1995), 72 Ohio St.3d 247, 1995-Ohio-54.
>
> In sum, Smith has failed to show good cause which would permit consideration of his delayed App.R. 26(B) application to reopen our judgment. Further, consideration of his application is barred by res judicata. Therefore, Hakeem Smith's App.R. 26(B) application for delayed reopening of his direct appeal is DENIED.

(Exhibit 22 to Return of Writ, Doc. No. 5). Applying the *Maupin* analysis, it is clear Ohio has a procedural rule which requires ineffective assistance of appellate counsel claims to be raised within ninety days of journalization of the appellate decision, that Petitioner did not do so in this case, and that his failure to timely file was held against him. Petitioner concedes all this, but argues that the time requirement in Ohio App. R. 26(B) is not an adequate and independent state ground of decision.

This Court disagrees. The Sixth Circuit has expressly held that the time requirement in Rule 26(B) is an adequate and independent state ground. *Monzo v. Edwards*, 281 F.3d 568 (6th Cir. 2002), relied on by Respondent. Petitioner's reliance on *Franklin v. Anderson*, 434 F 3d 412(6th Cir. 2006), is misplaced. *Franklin* was a capital case and, as this Court had previously held, the 26(B) limitation was, at least for a period of time, not regularly followed by the Ohio Supreme Court. See *Landrum v. Anderson*, 185 F. Supp. 2d 868 (S.D. Ohio, 2002). The evidence of failure to enforce the rule which obtained in capital cases is irrelevant to non-capital cases because the Ohio courts have consistently enforced the time limit in non-capital cases. To the extent *White v. Schotten,* 201 F.3d 743 (6th Cir. 2000), is inconsistent with this line of reasoning, it has itself been expressly

overruled by the Sixth Circuit in *Lopez v. Wilson,* 426 F.3d 339 (6th Cir. 2005)(*en banc*).

Petitioner's second ground for relief should be denied with prejudice because it is procedurally defaulted.

### Grounds Three, Four, and Five

In his third ground for relief, Petitioner asserts that his conviction is barred by the Double Jeopardy Clause in that, he asserts, the charge of fleeing and eluding a police officer was dismissed with prejudice, then re-filed by a new indictment. In the fourth ground, Petitioner claims ineffective assistance of trial counsel. In his fifth and last ground for relief, Petitioner asserts a claim which appears to rely on *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L. Ed. 2d 403 (2004).

Respondent asserts that these claims are barred by the Ohio criminal doctrine of *res judicata* which provides that any claim which could have been raised on direct appeal is barred if it was omitted from that proceeding. Ohio's doctrine of *res judicata* in criminal cases, enunciated in *State v. Perry,* 10 Ohio St. 2d 175, 226 N.E. 2d 104 (1967), is an adequate and independent state ground. *Buell v. Mitchell*, 274 F. 3rd 337 (6th Cir. 2001); *Coleman v. Mitchell*, 268 F.3d 417 (6th Cir. 2001); *Byrd v. Collins*, 209 F.3d 486, 521-22 (6th Cir. 2000), *cert. denied* 531U.S. 1082, 121 S.Ct. 786, 148 L.Ed.2d 682 (2001); *Rust v. Zent,* 17 F.3d 155, 160-61 (6th Cir. 1994); *Van Hook v. Anderson*, 127 F. Supp. 2d 899 (S.D. Ohio 2001). The Ohio courts have consistently enforced the rule. *State v. Cole*, 2 Ohio St. 3d 112, 443 N.E. 2d 169 (1982); *State v. Ishmail*, 67 Ohio St. 2d 16, 423 N.E. 2d 1068 (1981).

Petitioner asserts in his Traverse that the *Perry res judicata* rule is only applicable to post-

conviction proceedings under Ohio Revised Code § 2953.21 and that he has preserved these claims by making them as part of his Application for Delayed Reopening under Ohio R. App. P. 26(B)(Traverse, Doc. No. 8, at 12). However, Ohio has never thus limited the *Perry* rule which is stated by the Ohio Supreme Court as follows:

> "7. Constitutional issues cannot be considered in postconviction proceedings under Section 2953.21 et seq., Revised Code, where they have already been or could have been fully litigated by the prisoner while represented by counsel, either before his judgment of conviction or on direct appeal from that judgment, and thus have been adjudicated against him. ...
>
> 9. Under the doctrine of *res judicata*, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was *raised or could have been raised by the defendant at the trial*, which resulted in that judgment of conviction *or on an appeal* from that judgment.

Syllabus in *State v. Perry*, 10 Ohio St. 2d 175, 226 N.E. 2d 104 (1967)(emphasis *sic*.). *See also State v. Cole*, 2 Ohio St. 3d 112, 443 N.E. 2d 169, 170 (1982); *State v. Duling,* 21 Ohio St. 2d 13, 254 N.E. 2d 670 (1970). The *Perry* rule has been repeatedly upheld in the Sixth Circuit as an adequate and independent state rule. *White v. Mitchell*, 431 F.3d 517 (6th Cir. 2005), *citing Monzo v. Edwards*, 281 F.3d 568, 577 (6th Cir. 2002); *Byrd v. Collins*, 209 F.3d 486, 521-22 (6th Cir. 2000), *cert. denied*, 531 U.S. 1082, 121 S.Ct. 786, 148 L.Ed.2d 682 (2001); *Rust v. Zent,* 17 F.3d 155, 160-61 (6th Cir. 1994); *Van Hook v. Anderson*, 127 F. Supp. 2d 899 (S.D. Ohio 2001).

The fact that these issues were presented, as Petitioner points out, in the Application for Delayed Reopening under Ohio R. App. P. 26(B) does not save them from the *res judicata* bar. "Neither *Murnahan* nor App. R. 26(B) was intended as an open invitation for persons sentenced to long periods of incarceration to concoct new theories of ineffective assistance of appellate counsel

in order to have a new round of appeals." *State v. Reddick* 72 Ohio St.3d 88, 90-91, 1995-Ohio-249, 647 N.E.2d 784 (1995). Because claims of ineffective assistance of appellate counsel are based on a different legal theory from the underlying claims, the Sixth Circuit has expressly held that a 26(B) application does not preserve the underlying claims from default. *White v. Mitchell,* 431 F.3d 517, 526 (6th Cir. 2005).

Petitioner's Third, Fourth, and Fifth Grounds for Relief are all barred by Ohio's criminal *res judicata* doctrine and should be dismissed with prejudice.

**Conclusion**

Because all of the Grounds for Relief are procedurally defaulted, the Petition herein should be dismissed with prejudice. Because reasonable jurists would not disagree with this analysis, Petitioner should be denied any requested certificate of appealability and leave to appeal *in forma pauperis*.

May 4, 2007.

s/ **Michael R. Merz**
Chief United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for

the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).